### E. H. SMITH *v.* RACHEL MEYERS.

[Abstract Kentucky Law Reporter, Vol. 7—443.]

**Statute of Limitations as to Dower.**

> The statute of limitations does not begin to run as against a widow's claim of dower until by reason of her husband's death she is entitled to assert it.

**Dower.**

> Where the husband has title to land and gives it to his son, who takes possession and improves it, and continues in such possession for more than thirty years, his title is good without a conveyance; and where such husband dies his widow is not entitled to dower therein; but as to land which was conveyed to the husband long after his gift to the son, but which is included in the boundary of such gift, the widow has a right to dower.

APPEAL FROM GRANT CIRCUIT COURT.

December 12, 1885.

OPINION BY JUDGE PRYOR:

Lewis Meyers of the county of Grant died some years since, leaving his widow, Rachel Meyers, surviving him, and at his death was the owner of a large landed estate.

He was much involved, and John Meyers, his son, who had qualified as the administrator, brought his action in equity against the widow, heirs and creditors to settle the estate and to sell the land for the payment of debts. His widow, Rachel Meyers, asserted her right to dower in a tract of land that had been sold under a judgment against John Meyers and purchased by the appellant, E. H. Smith. The land was sold as the property of John Meyers, the tract containing about two hundred twelve acres.

The sole question in the case is as to the right of the widow to dower, the chancellor below having adjudged her right to recover

and having had the dower assigned by his commissioner. The intestate, Lewis Meyers, was advanced in years at his death, and during his lifetime had given to each of his children a tract of land but never executed any deed. The parol gift of the land in controversy was made by the father to his son, Julius, in the year 1845 or 1846, and the possession delivered. John entered upon the land under this parol gift and continued in the possession from the date of the gift in 1845 or 1846 until this action was brought in 1876. The weight of the proof shows that the land was given prior to 1846. There is no question made as to the gift or the entry under it, and it is therefore immaterial for the determination of the questions involved whether the gift was in the one year or the other.

E. H. Smith, who purchased this land under the sale by the commissioner, is resisting the right of recovery because there was never any legal or equitable seizin in Meyers, and if he was entitled to the land, it is then urged that the widow can not recover dower because more than fifteen years have passed since the entry by John Meyers under the parol gift, and if not, that the thirty years' statute applies, it being near thirty-five years from the entry on the land by John to the institution of the action by the widow asserting her claim as doweress.

We shall assume that more than thirty years elapsed from the entry by John under the parol gift from his father, and that John claimed the land as his during all that time. Counsel for the appellant is attempting to sustain the novel position that as the widow claims through her husband, Lewis Meyers, the fifteen years' statute, as well as the thirty years' statute, bars the right of recovery. Either statute constitutes a bar where the period mentioned has elapsed after the right to institute the action first occurred to the plaintiff, or to the person through whom he claims the thirty years' statute, excluding all exceptions found in other statutes in favor of those who were laboring under disabilities.

In the first place it is reasonably assumed that the widow is claiming through or from her husband this right to dower. It is true that she becomes entitled to an interest of one-third in the lands of the husband, of which he was seized during the coverture, as her dower, and this right springs from the marital relation; but at the same time it is a right that the wife can not be deprived of by the husband or even by her own act, unless in pursuance of the

statute. This inchoate right is made perfect or becomes absolute in the wife in the event she survives the husband, and no act done by him during his lifetime can deprive her of this right. She is not claiming as purchaser or heir from or through the intestate, but asserting an independent right given her by law in the event she survives her husband. The only question, therefore, is: "Was the husband seized of an estate in fee simple during coverture in this land or at any time during the coverture. Besides, the right of action did not accrue to the widow until the death of the husband. She was not entitled to any interest until the happening of that event, and it is not pretended that the limitation of either statute had run from the death of the husband. In case of a life estate in one with remainder over, the remainderman can not bring his ejectment or sue for the possession until the limitation of the life estate. Such has been the ruling under both the fifteen and thirty-year statute. If the wife had been sui juris (not laboring under the disability of coverture), but only entitled to this land at the death of Lewis Meyers, the statute as against her would not begin to run until the termination of the particular estate.

This court has also adjudged that a purchaser is not estopped by the husband's deed from explaining the nature of his seizin in order to show that his widow is not entitled to dower. Where the husband having the equitable title parted with it, as well as the possession, to the purchaser and afterwards acquired the legal title, and then made a deed to the purchaser, this would not be such a seizin as would entitle the wife to dower. The widow is only entitled to dower in such equitable estates as belonged to the husband at his death. *Gully v. Ray,* 17 B. Mon. (Ky.) 107.

In this case the widow exhibits a deed from one Fowler to her husband for all the land except forty acres, the title to which was in Bartlett's heirs and had been sold under certain equitable proceedings and purchased by one Howe. The benefit of the purchase was transferred to Lewis Meyers in 1841, and in ten years after that Bartlett's heirs executed to him a deed. So here were two exhibits evidencing the legal title in Lewis Meyers, the one executed before the gift to John Meyers and the other after his entry under the gift. The son entered upon the land in 1845, erected upon it handsome buildings, opened a fine farm by cutting down the forest, and has been in the possession since that time claiming the land

as his own. That the father made the gift is not doubted, and the possession under that gift has ripened into a title.

If the father, at the time he made the gift transferred the claim of Howe, the equity would have passed to the son, and the execution of the conveyance to the father subsequently by the heirs of Bartlett would have inured to the benefit of John Meyers, and no right of dower could have been asserted by the mother. The only question of difficulty in the case arises as to her right of dower in the forty acres. The deed to the balance Lewis Meyers had when he made the parol gift, and the land is fully identified by his actual possession of it, and is shown by Norton to have been within the boundary of the conveyance passing the title to the unsold land. As to the forty acres, Lewis Meyers obtained a conveyance before any title, legal or equitable, passed out of him, and at that date John had no title, legal or equitable. In the case of *Rucker v. Abell,* 8 B. Mon. 566, 48 Am. Dec. 406, it was held that a verbal gift of land was wholly invalid and vested no title in the donee, legal or equitable; but as the donee had made improvements, he was entitled to a lien even as against creditors. Therefore the possession of John Meyers was not hostile to that of the father, and, being without legal or equitable title when this deed was made, his father had a legal seizin; and although the possession has ripened into a title by a claim of right on the part of the son, and a continued possession for thirty years, the widow's right to dower must be sustained. The grantor in a deed may not be entitled to recover, and still the inchoate right to dower exist in the wife.

There is no superior title set up in this case hostile to that of Lewis Meyers, and the widow in order to show herself entitled to dower has exhibited the deeds to her husband and shown his possession under them. She is not required as against a purchaser from her husband or one who claims through him to trace the title from the commonwealth down as in ordinary actions of ejectment. The commissioners in allotting dower did not take the improvements into consideration. It was valued as if there were no improvements on it. Nor do we see where any land outside of the tract in controversy has been included in estimating dower. The commissioners say that the land mortgaged to the appellant was included.

Judgment *affirmed.*

*G. C. Drane & E. H. Smith, for appellant.*
*J. J. Landrum, for appellee.*